UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

DAVID BRUEDERLE                                                           PLAINTIFF

v.                                                    CIVIL ACTION NO. 3:05CV-818-S

LOUISVILLE METRO GOVERNMENT, et al.                DEFENDANTS

### MEMORANDUM OPINION

This matter is before the Court on the motion of the defendants, Louisville Metro Government ("Louisville Metro") and Tom Campbell ("Campbell"), the director of the Louisville Metro Department of Corrections, to dismiss all state law claims against Louisville Metro and to dismiss all claims against Campbell in his official capacity. When a motion to dismiss is made, the court must take the allegations of the complaint as true and grant dismissal only when it is beyond doubt that the plaintiff can prove no set of facts entitling him to relief. *See Conley v. Gibson*, 355 U.S. 41, 78 S. Ct. 99, 2 L.Ed.2d 80 (1957). For the reasons stated herein we will partially grant and partially deny Defendants' Motion.

### BACKGROUND

The plaintiff, David Bruederle ("Bruederle"), has brought suit against, *inter alia*, Louisville Metro and Campbell claiming that while incarcerated within the custody of the Louisville Metro Corrections Department he was denied necessary medical attention and treatment and was physically and verbally abused. Bruederle alleges various tortious conduct and violations of Ky. Rev. Stat. § 71.040, the Kentucky Constitution, and the Federal Constitution. The sole issues before us are whether the Kentucky General Assembly has abrogated Louisville Metro's sovereign immunity, whether Campbell is entitled to sovereign immunity to the extent he is being sued in his official capacity, and whether a § 1983 claim can be asserted against both a government and its public official in his official capacity.

## ANALYSIS

### Louisville Metropolitan Government

Section 231 of the Kentucky Constitution recognizes that suits may be brought against the Commonwealth of Kentucky only as a matter of legislative grace. Ky. Const. § 231. Pursuant to Ky. Rev. Stat. § 67C.101(2)(e) this immunity has also been extended to consolidated local governments, like Louisville Metro. Ky. Rev. Stat. § 67C.101(2)(e). If the General Assembly wishes to waive sovereign immunity, it must so do so "by the most express language or by such overwhelming implications from the text as [will] leave no room for any other reasonable construction." *Withers v. University of Kentucky*, 939 S.W.2d 340, 346 (Ky. 1997) (quoting *Murray v. Wilson Distilling Co.*, 213 U.S. 151, 171 (1909)).

Bruederle claims that Ky. Rev. Stat. § 67B.030(2) demonstrates the General Assembly's intent to abrogate Louisville Metro's sovereign immunity, making it amenable to suit to the same extent as a jailer. We disagree. Section 67B.030(2) states that:

> [u]pon the creation or maintenance of a metropolitan correctional services department by the consolidated local government or fiscal court of a county containing a city of the first class, in which the constitutional offices of sheriff and jailer have been consolidated pursuant to Section 105 of the Constitution of the Commonwealth of Kentucky, all of the duties, responsibilities, and liabilities of the sheriff and jailer *as set forth and contained in the Kentucky Revised Statutes*, with reference to the operation and maintenance of the county jail and all county correctional facilities shall immediately be vested in the department and thereupon the sheriff and jailer shall have no further responsibility, duty, and liability for the performance of said statutory duties on a personal basis . . . .

Ky. Rev. Stat. § 67B.030(2) (emphasis added).

By its explicit terms, § 67B.030(2) transfers to Louisville Metro the liabilities originally imposed upon a county jailer, but only "as set forth and contained in the Kentucky Revised Statutes". Ky. Rev. Stat. § 67B.030(2). The only liabilities the Statutes expressly impose on a jailer are set forth in §§ 71.060 and 71.990. These provisions deal with the jailer's liability on his official

bond in connection with disbursing pubic money and the assessment of a criminal penalty of a fine or indictment against a jailer who violates Ky. Rev. Stat. § 71.020. Bruederle has not alleged facts to support a cause of action based on § 71.060, and he is unable to assert one under § 71.020.

Furthermore, in suits brought by prisoners, Kentucky's courts have upheld sovereign immunity for counties, and by extension, their jailers. We do not see why it should be different for consolidated local governments, like Louisville Metro. *See Rowan County v. Sloas*, 2006 WL 2706955, *1 (Ky. Sept. 21, 2006) (upholding summary judgment for Rowan County and its jailer in his official capacity based on sovereign immunity); *Commonwealth v. Harris*, 59 S.W.3d 896, 899 (Ky. 2001) (noting that in a suit for negligent operation of jail, the jailer is cloaked with the county's sovereign immunity). As such, we will dismiss the state claims asserted against Louisville Metro.

### Tom Campbell

A suit against a public official in his official capacity is essentially a suit against the government, and therefore, the public official is extended the same immunity afforded to the government. *Jefferson County Fiscal Court v. Peerce*, 132 S.W.3d 824, 843 (Ky. 2004); *Yanero v. Davis*, 65 S.W.3d 510, 522 (Ky. 2001). Campbell is a public official pursuant to Ky. Rev. Stat. § 67B.040 and has been sued by Bruederle in his official capacity, and because Louisville Metro enjoys immunity from Bruederle's claims, Campbell is protected under the government's umbrella. Thus, the state law claims against Campbell in his official capacity will be dismissed.

However, we reject Defendants' argument that Bruederle's § 1983 claims against Campbell should be dismissed because Louisville Metro is already a named defendant, thus making suit against Campbell superfluous. Although Defendants are correct that a § 1983 suit that names a public official in his official capacity is treated as one against the government, they have cited no law that calls for Campbell's dismissal. *Leach v. Shelby County Sheriff*, 891 F.2d 1241, 1244-45 (6th Cir. 1989). Therefore, we will not dismiss the federal claims asserted against Campbell in his official capacity.

A separate order will be entered in accordance with this opinion.