UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

DAVID BRUEDERLE                                                                                    PLAINTIFF

v.                                                                              CIVIL ACTION NO. 3:05-CV-818-S

LOUISVILLE METRO GOVERNMENT, et al.                                          DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the court upon the motion of the defendants, Lawrence R. Mudd, Jenese Joyner, and Cindy Payne. Lawrence R. Mudd, Jenese Joyner, and Cindy Payne are former employees of another defendant, Correctional Medical Services. The plaintiff, David Bruederle ("Bruederle"), brings claims against them for cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution, violation of Ky. Rev. Stat. § 71.040, negligence and gross negligence, cruel and unusual punishment in violation of the Kentucky Constitution, the tort of outrage, and malpractice.

As the court explained in its Memorandum Opinion issued this date in response to Defendants Tamiko Joyner, Officer Roberto Grider, Officer John Black, Sergeant Michael Joyner, Officer Clarence Williams, and Sergeant Michael Hogan's Motion to Dismiss, Bruederle's claims for cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution, violation of Ky. Rev. Stat. § 71.040, negligence and gross negligence, and cruel and unusual punishment in violation of the Kentucky Constitution should have been filed by December 5, 2005 and that because Bruederle failed to file against Defendants until September 27, 2006, these claims are barred by the one-year statute of limitations in Ky. Rev. Stat. § 413.140(1)(a). It is undisputed that Bruederle failed to name Lawrence R. Mudd, Jenese Joyner, and Cindy Payne as

- 2 -

defendants until September 27, 2006, when he filed his First Amended Complaint. Thus, these claims are barred and must be dismissed as against them.

Actions "against a physician, surgeon, dentist, or hospital . . . for negligence or malpractice" are also subject to the one-year limitations period in § 413.140. While these actions are additionally subject to the discovery rule, whereby such actions are "deemed to accrue at the time the injury is first discovered or in the exercise of reasonable care should have been discovered," the court finds that Bruederle's injuries should have been discovered on the date they were allegedly inflicted, December 5, 2004. Hence, the discovery rule is inapplicable and Bruederle's malpractice claims are governed by the one-year limitations period. Thus, these claims are also barred and must be dismissed.

As such, **IT IS HEREBY ORDERED AND ADJUDGED** that the defendants' Motion for Judgment on the Pleadings is **GRANTED IN PART AND DENIED IN PART** in that all claims against Defendants Lawrence R. Mudd, Jenese Joyner, and Cindy Payne, except the tort of outrage, are **DISMISSED WITH PREJUDICE**.