UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

DAVID BRUEDERLE                                                                                          PLAINTIFF

v.                                                                            CIVIL ACTION NO. 3:05-CV-818-S

LOUISVILLE/JEFFERSON COUNTY                                                                DEFENDANTS
METRO GOVERNMENT, ET AL.

**MEMORANDUM OPINION**

In this action under 42 U.S.C. § 1983 and the Due Process Clause of the Fourteenth Amendment, David Bruederle alleges that he suffered a seizure after being denied prescribed medications while temporarily an inmate at a Metro Corrections jail facility in December 2004. The court granted summary judgment to the defendants (Correctional Medical Services, Inc. ("CMS"), the Louisville/Jefferson County Metro Government ("Metro"), and Tom Campbell, director of the Metro Department of Corrections) on December 18, 2009. Bruederle now moves to alter, amend, or vacate that decision. We will not rehash the factual background, which was set forth in detail in our prior opinion.

We do, however, revise our understanding of the governing legal framework. As a pretrial detainee, Bruederle was entitled (under Fourteenth Amendment) to the same level of care to which a prisoner is entitled under the Eighth Amendment. To be actionable, an inmate's injury must be "objectively, sufficiently serious"; he must show that he has been "incarcerated under conditions posing a substantial risk of serious harm." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (citations omitted). In addition, the defendant must have acted with a "sufficiently culpable state of mind," one of "'deliberate indifference' to inmate health or safety." *Id.* (*quoting Wilson v. Seiter*, 501 U.S. 294, 297, 302-03 (1991)). A municipality is not liable under § 1983 on the basis of *respondeat superior*,

so in order to obtain a judgment against a government entity a plaintiff must show that he suffered injury because of an unconstitutional policy or custom. *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 691 (1978); *Ford v. County of Grand Traverse*, 535 F.3d 483, 495 (6th Cir. 2008). One way to prove this last element is to demonstrate the existence of a "policy of inaction," as described in *Garretson v. City of Madison Heights*, 407 F.3d 789 (6th Cir. 2005). There, the plaintiff alleged that she had been denied insulin following her arrest, even though she had informed the booking officer of her diabetic condition and that she was late for her dose of insulin. The court held that she could demonstrate a policy of inaction on the part of the city by showing: "(1) a clear and persistent pattern of mishandled medical emergencies for pre-arraignment detainees; (2) notice, or constructive notice of such pattern, to [the municipal defendant]; (3) tacit approval of the deliberate indifference and failure to act amounting to an official policy of inaction; and (4) that the custom or policy of inaction was the 'moving force,' or direct causal link, behind the constitutional injury." *Id.* at 796.

We have already ruled that "Bruederle's need for his medication was objectively serious enough to meet" *Farmer*'s first prong. If it were not yet clear, we now state explicitly that this need extends not only to the seizure he suffered as a result of withdrawal, but also to the serious pain he suffered before the seizure. The Sixth Circuit has held that "a prisoner who suffers pain needlessly when relief is readily available has a cause of action against those whose deliberate indifference is the cause of his suffering." *Boretti v. Wiscomb*, 930 F.2d 1150, 1154-55 (6th Cir. 1991). The prior opinion held, however, that although Bruederle had met the objective prong for purposes of summary judgment, there existed sufficient evidence of neither deliberate indifference nor a policy or custom under which to hold Metro or CMS liable.

To demonstrate the existence of an unconstitutional policy or custom, plaintiff has filed as an exhibit to the present motion the affidavit of Laura McKune, the former Deputy Director of Louisville Metro Department of Corrections. Even assuming this affidavit to be "newly discovered evidence" such that we can consider it in the Rule 59(e) setting, *Betts v. Costco Wholesale Corp.*, 558 F.3d 461, 474 (6th Cir. 2009), and that it (as plaintiff claims) establishes a question of fact regarding the existence of a policy or custom, however, the plaintiff's motion still must fail. Plaintiff has presented no new evidence that would lead the court to conclude that the jail staff was actually aware of a serious risk of harm, or that they consciously disregarded the risk of which they were aware. And as noted in the court's prior opinion, the happenstance of the plaintiff's Friday evening arrest, coupled with the jail's only having a doctor on staff during the work week, meant that he could not have had his prescriptions reviewed and filled before his Sunday evening seizure. (This staffing policy has not been challenged here.) For all these reasons the court remains of opinion that no question of fact exists regarding either deliberate indifference or causation on the part of the defendants. Accordingly the motion to amend or vacate will be denied by separate order.